May it please the Court. Good morning, Your Honors. Counsel. Leah Wigrin on behalf of Appellant Matthias Haddock. And I would like to try to reserve about a minute and a half for rebuttal. Your Honors, for two reasons, this case should be remanded back to the district court for a new sentencing hearing. First, the district court erred when it found that Mr. Haddock's prior conviction under Oregon Statute 163.684 was a predicate offense under 18 U.S.C. 2252a)(b)(1). Let me see if I can succinctly state your argument, which I found confusing at points. But at least the most colorful part of it was that the Oregon statute covers financing and attempts to finance, and that that doesn't fit within the relating to provision. Is that your best argument? It is, Your Honor. All right. That's correct. Could you expand on that? And thank you. Why isn't financing or attempting to finance related to distribution, sale, et cetera, et cetera? The reason that it's not is that the ---- Production. I'm sorry? Production, et cetera. The reason that we submit that it's not is that the way that the Federal predicate offense is written and the way that Oregon sexually explicit conduct is defined and child pornography under Federal law and sexually explicit conduct under Federal law are defined, it's clear that that the ---- it's talking about content that is already in existence, and so that, therefore, a child has already been harmed. An attempt to finance could be thwarted before a child has been harmed. And that is a good thing, that certainly a child is not harmed. And that is certainly ---- it seems to be okay for Oregon to want to criminalize that. However, it appears from the wording of 2252a)(b)(1), that that's not what is criminalized in that predicate offense, and that, therefore, categorically it does not relate to ---- attempt to finance does not relate to child pornography. The problem ---- The problem I'm having with your argument is related to is such a broad phrase when we are conducting our analysis of predicate offenses. How do you get around that? I agree, Your Honor, that it is. And the reason for that is a public policy one, to try to capture conduct from repeat offenders. However, the ---- this Court and no circuit that I've been able to find, including the Supreme Court of the United States, has said that the related-to language dispenses with the Taylor requirement, that that state statute hews close enough to the Federal conduct that it ---- that the state conduct falls within the ambit of the Federal statute. And if an attempt to finance is thwarted, say, by a confidential informant or a ---- an undercover sting before a child is harmed, that  is not defined. Why does it relate to child pornography if its intent was to finance child pornography? I don't understand how you can say it doesn't relate to child pornography. Well ---- oh, I'm sorry. In the sense that the way that the predicate offense is defined is that ---- and that is the way it's defined now. That's not to say that couldn't change. But the way that it is defined as we are here today is that it relates to content that is already in existence. It goes from possession, production, distribution, shipment, transportation, that type of thing. And that specifically is dealing with a child that has already been harmed. So your argument is that all of the other categories as described relate to pornography already in existence, and the attempt to finance does not relate to documents or items already in existence. That is it, exactly. Okay. So now, do you have a case that you think supports your argument that because the attempt to finance is not of the same category, do you have a case specifically in the pornography arena that supports your argument? I do not, Your Honor. And that is one of the problems. It appears that there is a dearth of holdings in this arena. Cenarius, Farmer, Sullivan, Wiles, the cases that have been cited by the district court and in briefing all do deal with the prior offense of child sexual abuse. And so, it doesn't seem that they are as instructive in this matter, in that when Taylor says, compare that state statute with the federal statute, and the vast differences between a touch offense that's in a child sexual abuse prior versus a child pornography prior. So if we ruled in your favor, which case would we cite to support your argument in our opinion? I think by analogy, it would probably have to be U.S. versus Strickland or Ruiz-Vidal versus Gonzalez. And what would be the language from those cases that we would lift to support our ruling? In, for instance, in Strickland, the court said that a Maryland statute that dealt with child physical abuse and child sexual abuse all in one statute did not, was not validly a predicate offense. And that there was more, the content was broader in the state offense than in 2252 AB1 dealing with child sex abuse. But in this case, the ---- Kagan. 2252A2 is what led to the mandatory minimum. Is that right? Yes, Your Honor. The 15 years. And the district court said he would have given the same sentence without the mandatory minimum. So does any of this ---- ordinarily, you have to have a correct guideline calculation. But in this instance, if he's already covered what would happen if it didn't apply, why are we worrying about it? That's something that I really struggled with here, actually. Because if the pattern of abuse, which we are arguing doesn't apply, but if the court found that applied, Mr. Haddock is looking at essentially a 188-month or 180-month sentence and then up. However, I do think that for the purposes of guidance to practitioners and because there is a dearth of authority on this issue. But in this instance, the judge specifically said that his sentence wasn't being driven by the mandatory minimum. It's within the guidelines regardless, right? Yes, it is. It's within the guidelines. But I thought our case said that even if the judge said I would give the same sentence even if I'm wrong, we've still said you've got to start from a correct guideline calculation regardless of whether the judge says never the ---- regardless of whether I'm right or wrong on this, I would give the same sentence. I thought our precedent said we have to start from a correct guideline calculation regardless. Yes. And that has long been the precedent of this Court. And we're not saying that the guideline calculation is incorrect, Judge Altsin, but that the pattern of abuse does not apply. Well, let's go to the other. I have one more question on the other. You were distinguishing a case on the ground that it had said physical abuse or child abuse covers the creation or the distribution of child pornography, period. Right? So how is this not related to? Yes, Your Honor. And I actually think that in State v. Bray, where the Oregon court did say attempt to finance and finance goes to production, I ---- in my ---- it almost helps Mr. Haddock in that it's showing that they're saying attempt to finance is talking about content conduct that has not happened yet. And that is not within the ambit of 2252. What about production? If somebody is ---- if ---- what would relate to production? Does it mean there has to actually have been a production, or does it kind of mean that you're, you know, working on a production, but nothing's happened? Your Honor, certainly the cases that I have read, when people have been penalized for production, it has been that production has occurred. So would your same argument apply if someone attempted to produce but did not complete the production? Would you have the same argument that you have? I think that that would be a more difficult argument. I really do, because I think that that would be that meant that a child actually was in the room in harm's way. And with the attempt to finance, that's not necessarily the case in that that attempt to finance could be thwarted before a child was anywhere near a defendant. Well, an attempt to produce could be thwarted before the child even got there. What if the police came before the child was there? So would your argument be the same? You know, it might be under that might be a very fact-based argument, in that certainly we want to prevent harm to children, but the it does appear that the way the predicate offense is written in 2252a)(b)(1), is that a child has already been harmed. And so the attempt statutes are problematic in that they are criminalizing conduct that is beyond the scope of what the Federal predicate offense criminalizes. And that is the basis of the argument. Attempts generally are punished in pretty much the same way as completed crimes. I mean, there's the same culpability for attempts generally as there is for a completed crime. What does that do to your argument? I think generally that is true. I believe that this presents a different scenario, given the wording of the predicate offense. But certainly that the idea behind these cases is that, and I do see my time is up. May I still respond? The idea behind these cases is to prevent children being harmed. And with an attempt to finance, if there is not a child within miles of the defendant, that's really going beyond the scope of what the Federal predicate offense is saying we are targeting. And the legislative history that's cited in the answering brief doesn't go to a child not being harmed. Kagan, do you have an additional burn as well? Perhaps. I mean, there's also some cases where you didn't really get into it as to whether in order to show overbreadth whether this particular aspect of the Oregon statute is even, there's actually prosecutions under it. And I don't think you're going to be taken to do that. In other words, yeah, I mean, you have a sort of relatively, I gather you're not making this argument with regard to actual financing. I don't think it, I don't think I have a strong argument there. So, or anything else in the Oregon statute. So you're basically stuck, I must say this is a much better argument than anything I've got in a few briefs. But in any event, I was having a real struggle trying to understand what the core of your argument was. I apologize for that. But with regard to the attempt to finance, I mean, that's kind of the far end of the Oregon statute. And is it real? Your Honor, and I believe that brings up a very good point in that the, under Taylor analyses, the least egregious conduct that the State statute prescribes must still be related to child pornography. And I agree that we, that arguably you could say an attempt to finance, and that's not my opinion, but you could arguably say that in Oregon, that an attempt to finance is the least egregious conduct in that Oregon statute, and that it does not apply to child pornography as defined in the predicate offense, given that the predicate offense criminalizes conduct that is already in existence in their court. But then the Supreme Court has this overlay that says, well, and you have to prove they actually do, and that they really apply the statute that way. The Oregon's? Yes. The Supreme Court is saying that? Well, but I'm not sure that Oregon gets to say how that is applied vis-a-vis a Taylor analysis with the predicate offense. Because we have to look to how the statute is actually applied in the State to determine whether it's realistic to say that that's the farthest reach of the statute. Yes. Agreed. However, it still goes back to the point that there's nowhere in the Federal law that if a child maybe was harmed, then that's criminalized. And I'm not that — and that — That's supposed to be related to. Yes. Related to. However, when you're saying related to possession, production, distribution, shipment, that is related to content that's already in the world, in existence. And if an attempt to finance is thwarted, that content has not — is not alive. It's not in the world. And therefore, no child, thankfully, has been harmed. You've used your time up. I know. And we'll give you a minute to rebuttal. Thank you so much. And I'm sorry I didn't get to the pattern of abuse, but that is briefed. And I hope it's a little less confusing than the attempt. All right. Thank you. Thank you, Your Honors. May it please the Court. My name is Carla Higginbotham, and I represent the United States of America. I'll get right to the question that has been posed. Does this particular statute relate to child pornography? And as the Court has already indicated, the Court, when doing the Taylor analysis, is bound to look at the state court's interpretation of their own statute. And that court has already done that. In United — or in State v. Bray, the Oregon Supreme Court specifically stated that this particular statute breaks down into two specific categories of crimes. The production of child pornography, where it actually broke down finance and attempting to finance, relates to the production of child pornography and, secondly, to the distribution of child pornography. And that's what we know. We know that the Oregon Supreme Court has already determined that this statute does, in fact, go directly to the production and the distribution of child pornography. And as the Court has already also pointed out, in Duenas v. Alvarez, the U.S. Supreme Court actually stated that when we talk about these kinds of, you know, suppositions as to whether or not a statute would apply in this particular way or that particular way, it isn't a legal fiction. There has to be a true possibility that that is, in fact, the way that the statute would be applied. And I think the Court is right that there may be, you know, whether or not this would really ever come to the attempted-to-finance is really an issue that probably would not really come to bear. But this — Kagan, in an attempt to finance something, it never actually comes into existence. Correct, Your Honor. And I think that the Court is correct in stating that, again, when we go back and look at it, we look at how the State court interpreted its own statute. Now, the argument, as I understand it, is that the related-to language does apply to the Child Pornography Clause. That has been conceded in the reply brief at pages 7 and 8. She's also conceded that the way that the related-to language has been actually interpreted by the Ninth Circuit was correct, and that, in fact, it does talk about the related-to, to bear upon, to pertain to. What the argument, as I understand it, is, is essentially that, well, you should interpret it different than how it was interpreted when it related to the sexual abuse clause. You know, so there's the sexual abuse phrase in Section 2252a)(b)(1), and then the second — Kagan, her argument today is a little different. It's kind of a species of a, as I understand it, of a — whatever that category of construction is about, words are defined by the company they keep. And with regard to the Federal statute, she's basically saying that this — all of these terms have to do with existent child pornography, and that the relating-to is — partakes of that limitation. Well, that's what I understand the argument to be. Well, first of all, that argument is actually not accurate. If you look at the way the related-to language was applied in United States v. Wiles, now, of course, they were interpreting the sexual abuse statute, but the question there was whether an attempted sexual abuse offense did, in fact, relate to sexual abuse, aggravated sexual abuse, or sexual contact of a minor. And this Court said, yes, it did. So when it interpreted the related-to language as it applied to that phrase, they actually found — and in that case, obviously, there wasn't a child that was actually abused. It was an attempted crime. And they actually found that that, in fact, related to — this Court found that that related to this particular sexual abuse statute triggering it. But there was an actual child who was actually subject to whatever was — even if it wasn't consummated. But the argument here is you can attempt to finance child pornography, I guess, by getting in touch with someone who's — you think is going to be producing some child pornography and saying, oh, you know, I'll help you — I'll pay for the child pornography if you produce it. And then it turns out that nobody ever produces any child pornography or involves any child in anything. Well, if you look at, actually, Chapter 110, there's a plethora of statutes that relate to child pornography that don't require child pornography to ever actually be created. And the first example of that is 18 U.S.C. Section 2251d1a, which is the advertising of child pornography. Under that statute, the Federal law states that if someone — But what is that — how does that come into this? Well, if you — if you look at it by analogy, that doesn't require that there's any child pornography ever actually created. It doesn't have to be produced. Is that covered by the Federal statute we're talking about now? Well, what I'm — what I'm trying to explain is that there are — there's plenty of statutes in — in Chapter 110 itself that recognize that child pornography — Well, that might be, but not this one. Well, let me back up. The argument here is that if there isn't actually child pornography created, somehow the crime doesn't relate to child pornography. And that simply makes no sense. You could offer to sell child pornography that isn't actually in existence. You could offer to distribute child pornography that isn't in existence. Because if you'd advertised, for example, under 2251d1a, and said, look, I'm willing to make some child pornography and send it to you, no child has actually been harmed, no child pornography is in existence, but no one would argue that they haven't offered to sell child pornography. That is clear. And if you look at the Oregon statute itself, it is limited by the attempting to finance, the financing, the distributing of sexually explicit images of a minor. It is not attempting to finance a house or attempting to finance a contract. It is attempting to finance child pornography. And so to argue that somehow this charge does not relate to child pornography obviously ignores the very obvious fact that the Oregon Supreme Court has already answered for us, that it does relate to child pornography, specific to the production and the distribution of child pornography. And again, even though we don't use the Federal definitions, we don't look to the Federal definitions, you can look at the Federal statutes and see that there are several that don't have that. Sotomayor, B-1, 2252a-B-1, has a particular list of child pornography-related actions that shall be covered by the mandatory minimum. The fact that there are other child abuse, other child pornography statutes elsewhere in the U.S. Code that are broader doesn't seem to me to be material. I guess what I'm trying to do is just give some examples that we can have crimes that relate to child pornography that don't necessarily require that. Well, we don't know whether that relates to child pornography. Because the statute, that's the problem. The statute that we're dealing with doesn't say it relates to child pornography. That's not what it says. Right? It says it relates to the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography. Correct. Right? So things could relate to child pornography, but not to the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography and not be covered. Right? That's correct. But that's not what we're talking about. So these other statutes are totally irrelevant. Because, and in fact, the fact that it doesn't say relate to child pornography is some indication that they wanted something narrower than that. Well, my point is simply that the argument here is that if a child isn't actually harmed, we don't have a crime that relates to child pornography. And that's not accurate. But that's not the point. No, she didn't. She said that it doesn't relate to the production of child pornography. Okay. And that's my point, is that there are examples that you could have of a crime that is the sale of child pornography where a child isn't actually harmed or in harm's way at that point. Someone could offer to sell child pornography that isn't actually in existence yet. And again, U.S. v. Wiles talks about the related-to language as it applies in Section 2252a)(b)(1 to the sexual abuse phrase. So why would we, in this type of a situation, the argument essentially is you should interpret the related-to language somehow differently from the sexual abuse phrase to the child pornography phrase? To back up for a minute, what about this question of sort of harmless error? Now, we have a very, very narrow realm for harmless error with regard to guideline determination. This isn't exactly guideline determination. I guess it's because it's a statutory minimum issue. But moreover, our case law is a little schizophrenic, I think, about in the instance in which a judge specifically says, as he did here, you know, I don't really care about this mandatory minimum. I would do the same thing anyway. So why do we need to even worry about this? You know, Your Honor, I don't believe that you do. I don't think that you need to necessarily get there in this particular instance. But regardless, I think there is plenty of case law that does talk about the Court needing to properly calculate the guideline range. But this isn't a guideline range, is it? Well, if you were to set aside the issue dealing with the predicate offense triggering the mandatory minimum, and then you go to the pattern of activity — Then we'd have to do that. Then we would have to do that. But — Well, that's for sure, yes. And I would like to step back and say, this is the argument that's been made with respect to that. I submitted three exhibits. The judge didn't read the three exhibits. And as a result, he came up with the wrong factual conclusion. But we know that the judge, or at least in the case of the judge, did read them. Exactly. And so the problem with the entire argument on the pattern of activity is that essentially you're being asked to make a different factual conclusion than that of the district court. That's a clear error rather than a clear error. Right. And there is not sufficient evidence here to show clear error. That requires an impossibility, implausibility, or that there's no evidence in the record from which the court could have inferred the factual findings that it made. And that simply isn't there. And, Your Honors, my time is almost up. And at this point, I would ask that you affirm the judgment of the district court in this case. Thank you very much. Thank you for a helpful argument. Give me one minute. Thank you. Your Honors, I believe that my time is probably best spent talking about the pattern of abuse issue. I do believe that it sounds like we all are not agreeing necessarily about the attempt to finance argument. But I believe that that is fully before the Court, unless there are questions about that. With respect to the pattern of abuse issue, what happened is the judge had information from a doctor and a nurse, and from the pre-sentence report that appears to mirror the doctor and nurse reports, and didn't really seem to grapple with the helpful information that was in the pre-sentence report. But we don't know that. He said he read everything. And there are — there were specific explanations given for why the material that you submitted was not just positive, which largely had to do with timing, as I understand it. That after those people said whatever they said, more came out, both with regard to the child and with regard to his interest in child pornography of very young children. Yes, exactly. And my time is up. Again, may I respond? Please. Go ahead. Thank you. What happened there was that — what appears to be is that the government is arguing that if there was child pornography being looked at, at that time, that was — that during the time period of the psychosexual assessment and the custody evaluation — But also there was more — there was more evidence with regard to the child's abuse, too, after the original determination by the — or discussion by this team. And there's somewhat lack of sense of belief in what was being said. Well, what — the problem that I — that appears with the district court's finding is that it didn't look at the fact that an evaluator said there's no medical or legal probability of abuse. You're saying that we should second-guess the district court, and we should say that particular documents that you have picked out are the ones that should determine this finding, as opposed to all the other evidence? No, Your Honor. But just that it is implausible that the district court could have found that when there was more helpful evidence to — not more helpful, but that there was very favorable evidence to Mr. Haddock. But the point is that it is possible, because he could have concluded, he could have looked at all of it and said, well, those people were looking at the problem at a point in time. But after that, more information came out. And I believe, therefore, that even those people wouldn't have said the same thing had they known everything. So I'm not going to listen to them. Your Honor, I believe that the more information had to do with the fact that Mr. Haddock might have been looking at child pornography. That's part of it. But my understanding is that this was, like, in 2001. And the complaints to — by her relatives went on through — for another year or so, and included more information about actual physical manifestations and so on. The psychosexual assessment, I believe, happened in 2002 or 2003. So it appears that the information that the evaluator had and that the psychosexual assessment doctor had was contemporaneous with what was happening at the time. And that the government's argument appears to be — part of their argument is that there — if there's a nexus, that there is a nexus between looking at child pornography and contact offense. And that's not what the literature says at all. In fact, it says the opposite, that the Internet has created a new type of sex offender, but not one that is necessarily a contact offender. And that's why we believe that the district court's findings are implausible, and that it seems to be saying, well, it looks like there was some child pornography use, and that is equaling child abuse. Okay. Your time is up. Thank you very much. And I want to thank both of you for a very helpful argument. And you both were really useful. Thank you. The case of United States v. Haddock is submitted. And we will go on to Carlson v. Attorney General.
judges: Bucklo, Berzon, Rawlinson